No. 13,953.

STATE OF LOUISIANA EX REL. J. C. THEUS, DISTRICT ATTORNEY, VS. B. P. EDWARDS, DISTRICT JUDGE, THIRD JUDICIAL DISTRICT.

SYLLABUS.

Section 12 of Act 49 of 1894 is not repealed by Act 13 of 1896.

APPLICATION for writs of *mandamus* and *certiorari*.

*Walter Guion,* Attorney General, and *J. C. Theus,* District Attorney (*Lewis Guion* of counsel), for Relator.

Respondent Judge *pro se.*

The opinion of the court was delivered by

PROVOSTY, J. The defendant was indicted under Section 12 of Act 49 of 1894. He moved to quash on the ground that he was not indicted under any statute of the State of Louisiana. The court sustained the motion on the ground that Section 12 of Act 49, under which the defendant was indicted, is repealed by Act 13 of 1896.

Act 13 of 1896, thus invoked as repealing Section 12 of Act 49 of 1894, contains three sections; Sections 1 and 2 amend respectively Sections 14 and 19 of Act 49 of 1894 by re-enacting them; and Section 3 repeals all inconsistent laws. The effect of Act 13 of 1896 is to take out of Act 49 the Sections 14 and 19 therein found and to put in their place new Sections 14 and 19. After the accomplishment of this, the legal situation is the same as if Act 49 of 1896 had been originally enacted as thus amended. Act 13 of 1896 says not a word about amending or repealing Section 12 of Act 49, and the repeal of Section 12 must result, if at all, from an inconsistency between it and the new Sections 14 and 19 inserted by Act 13.

Section 12 reads as follows:

"Be it further enacted, etc., That any itinerant vendor of any drug, nostrum, ointment, or application of any kind, intended for the treatment of disease or injury who may, by writing, print or other methods, profess to cure or treat disease or deformity by any drug, nostrum, manipulation, or other expedient in this State, shall, if found guilty, be

fined in any sum not less than twenty-five ($25) dollars and not exceeding one hundred ($100) dollars for each offense, to be recovered in an action of debt, before any court of competent jurisdiction, or shall be imprisoned for a term of not less than ten (10) days or more than thirty (30) days, or be both fined and imprisoned."

Section 14 as amended reads as follows:

"Be it further enacted, etc., That if any person shall practice medicine in any of its departments, in this State, without first having obtained the certificate herein provided for, or contrary to the provisions of this act, the Board of Medical Examiners created by this act may through their respective presidents cause to issue in any competent court a writ of injunction forbidding and enjoining said person from further practicing medicine in any of its departments in this State, until such person shall have first obtained the certificate herein provided for and under the provisions of this act."

Before amendment the section read as follows:

"Be it further enacted, etc., That any person practicing medicine, in any of its departments, in this State, without first having obtained the certificate herein provided for or contrary to provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not less than fifty ($50) dollars, or more than one hundred ($100) dollars, or by imprisonment in the parish jail for a period of not less than ten (10) days or more than (90) days, or by both fine and imprisonment for each offense. It shall be the duty of the respective district attorneys to prosecute violations of the provisions of this act, before any court of competent jurisdiction."

The two Sections 12 and 14 as they originally stood in Act 49 were not inconsistent. If they had been inconsistent they would have been so by pure accident, for it is not to be supposed that the Legislature after enacting Section 12 would have proceeded in the next breath to nullify it by enacting in Section 14 an inconsistent statute. The authors of Act 49 committed no such blunder. The one section provides for the case of itinerant vendors of drugs, etc., and seems to put their business unconditionally and for good and all under ban; while the other section provides for the case of practitioners of medicine, permitting them to be licensed; each section makes separate and different provisions for the case it separately deals with.

The two sections were not inconsistent as they originally stood in Act 49; and are not rendered more so by the amendment of Section 14.

The section after amendment, is identical with what it was before amendment, except that the process it provides for is changed from criminal to civil. It continues to deal with a case different and separate from that dealt with by Section 12, and continues to be perfectly consistent with Section 12.

Section 19 deals with the liability of the State for certain costs, and has no bearing.

The judgment of the lower court is set aside and the case is ordered to be proceeded with according to law.